**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROCMON L. SANDERS,<br><br>        **Plaintiff,**<br><br>    v.<br><br>ANDRE NORWOOD, JR.,<br><br>        **Defendant.** | **Case No. 26–cv–08078–ESK–SAK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on *pro se* plaintiff's complaint (ECF No. 1 (Compl.)) and application (Application) to proceed *in forma pauperis* (IFP) (ECF No. 1–1); and the Court finding,

1.      Plaintiff is a pretrial detainee at the Camden County Correctional Facility. (Compl. pp. 1, 3.) On July 1, 2026, plaintiff filed the complaint, asserting various civil right violations against his attorney, defendant Andre Norwood, Jr. (*Id.* p. 4.) Plaintiff also asserts several criminal claims against defendant for referral to the United States Attorney. (*Id.*)

2.      Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

3.      In support of the Application, plaintiff submitted form "AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs." Since plaintiff is presently detained, he was to submit form "DNJ-Pro Se-007-A-(Rev.12/2023)." Since the incorrect form was submitted, the Application cannot be fully evaluated. But a court reviewing an IFP application "has the authority to dismiss a case 'at any time,' … regardless of the status of a filing fee; that is, a court has the discretion to consider the merits

of a case and evaluate an [IFP] application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019); *see also id.* at 659 (explaining that the PLRA altered the two-step framework under § 1915 described in *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).[1]

4.     The Court shall accordingly screen the action to determine whether the complaint is: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i)–(iii).   The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).   28 U.S.C. § 1915(e)(2)(B) directs courts to dismiss an action if it fails to state a claim on which relief may be granted.   28 U.S.C. § 1915(e)(2)(B)(ii); *see also Talley v. Simandle*, 599 F. App'x 33, 34 (3d Cir. 2015) ("In screening IFP complaints, a district court must dismiss an action if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune to such a claim.").   A complaint that fails to state a claim may be dismissed with prejudice upon a finding that amendment would be futile.   *See Emrit v. Republic of Cuba*, Case No. 24–04707, 2025 WL 755694, at *3 (D.N.J. Mar. 10, 2025).

5.     When evaluating whether a complaint must be dismissed under 28 U.S.C. § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).   To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6.     A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to

---

[1] Resolution of an IFP application is limited to disposition of the complaint, which is meritless.   The Court certifies that any appeal will not be taken in good faith.   *See* 28 U.S.C. § 1915(a)(3); *Emrit v. Combs*, Case No. 24–00144, 2025 WL 1594480, at *3 (D.N.J. May 19, 2025).

"give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

7.    Pursuant to Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Yoder v. Tompkins*, 671 F. App'x 27, 29 (3d Cir. 2016) (affirming dismissal of civil rights claim under 42 U.S.C. §1983 for lack of subject-matter jurisdiction where the *pro se* plaintiff failed to allege facts sufficient to show the deprivation of a federal right or that the defendants were state actors).

8.    Here, plaintiff alleges that defendant "acted under color of state law to defraud plaintiff, conspire with state prosecutor(s) to knowingly violate plaintiff's constitutional rights, obtain money not earned, aid [and] abet in a selective prosecution, and to have plaintiff unjustly detained after a false arrest [and] false imprisonment by police" in February 2026.    (Compl. p.6.)    Plaintiff seeks relief pursuant to 18 different statutes, 11 of which are criminal.    (*Id.* p.4.)    Rather than assert these statutes in separate counts, within which factual allegations are alleged with particularity, plaintiff puts the burden on the Court to determine what facts relate to what statutory claim.    (*See id.* pp.7–12.

9.    Since it is well settled that a plaintiff cannot assert civil claims under criminal statutes, the claims based on criminal statutes are frivolous.    *See Cort v. Ash*, 422 U.S. 66, 79-80 (1975) (holding that no private right of action exists under criminal statutes absent a clear statutory basis); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (noting that while a *pro se* plaintiff should generally be provided the opportunity to cure deficiencies in a complaint, this rule is inapplicable where granting an opportunity to amend would be futile).    To the extent plaintiff asserts a civil claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1964, such a claim may be used only "to recover 'concrete financial loss' in the form of an injury to property or business[;] personal injury or emotional harm are not proper bases for a RICO claim."    *Murray v. United States*, No. 21–04903, 2021 WL 4772174, at *6 (D.N.J. Oct. 13, 2021) (quoting *Cabbagestalk v. United States*, No. 21–04902, 2021 WL 2260517, at *1–4 (D.N.J. June 3, 2021)). Defendant's alleged constitutional violations do not constitute loss under RICO. *Id.*

10.    Plaintiff's civil claims are also frivolous.    To state a claim under 42 U.S.C. §1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to

3

make and enforce contracts." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). Plaintiff does not allege that he is a member of a racial minority. (*See generally* Compl.) Nor does plaintiff allege any facts that suggest intentional discrimination. Since claims pursuant to 42 U.S.C. § 1981 are limited to claims relating to employment, this statute cannot provide a basis for relief to plaintiff.

11.    42 U.S.C. § 1982 concerns the rights of citizens "to inherit, purchase, lease, sell, hold, and convey real and personal property." The complaint makes no mention of plaintiff's personal property rights and is not related to defendant's alleged conspiracy against plaintiff. Thus, this statute is inapplicable to plaintiff's requested relief.

12.    Claims pursuant to 42 U.S.C. § 1983 can only be brought against a person acting under color of state law. *Durham v. New Jersey Dept. of Corrections*, No. 22–05482, 2025 WL 642469, at *4 (D.N.J. Feb. 26, 2025). Defendant is not a state actor. As plaintiff recognizes (Compl. p. 3), defendant is a private attorney. Neither court-appointed attorneys nor public defenders are state actors. *See Clark v. Punshon*, 516 F. App'x 97, 98–99 (3d Cir. 2013); *Vasquez v. Dwyer*, 377 F. App'x 225, 226 (3d Cir. 2010). A habeas petition is better suited to resolve any Sixth Amendment claim of ineffective assistance of counsel plaintiff may be asserting. *See Richardson v. Ricci,* No. 10–04954, 2013 WL 3863994, at *14 (D.N.J. July 24, 2013).

13.    To state a 42 U.S.C. § 1985 claim for conspiracy to deprive a person of their rights, a plaintiff must allege that the "conspiracy [was] motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Mendez v. New Jersey State Lottery Comm'n*, 532 F. App'x 41, 45 (3d Cir. 2013) (quoting *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006)). Plaintiff fails to allege such a motivation or sufficient facts to support this claim. Since no 42 U.S.C. § 1983 violation was plausibly alleged, a conspiracy under 42 U.S.C. § 1985 cannot exist. Similarly, "transgressions of [42 U.S.C.] § 1986 by definition depend on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Because plaintiff has not stated a claim under 42 U.S.C. § 1985, his 42 U.S.C. § 1986 claim also fails.

14.    Plaintiff asserts a claim under 42 U.S.C. § 1987 for referral to the United States Attorneys Office, which he labels "Prosecution for Violation of Certain Laws." Plaintiff also seeks fees pursuant to 42 U.S.C. §1988. Since 42 U.S.C. § 1987 and 42 U.S.C. § 1988 do not provide private rights of actions, these claims will be dismissed. *See Krasil v. Betze*, No. 22–06914, 2023 WL 6635319, at *18 (D.N.J. Oct. 12, 2023); *Karupaiyan v. Singh*, No. 21–15996,

2021 WL 9563536 (D.N.J. Nov. 12, 2021), *aff'd*. No. 21–03163, 2022 WL 6634603 (3d Cir. Mar. 1, 2022).

Accordingly,

**IT IS** on this **8th** day of **July 2026   ORDERED** that:

1.      The complaint (ECF No. 1) is **DISMISSED with prejudice**.

2.      The Clerk of the Court is directed to **close** this action and send a copy of this Order to plaintiff by regular mail.


*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**